IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>  v.<br><br>Michael Barrett,<br><br>        Defendant.<br>                                                      / | NO. CR 05-00077 JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO APPLY GONZALES V. RAICH AND U.S. V. NUKIDA TO 18 U.S.C. § 922(G)** |

### I. INTRODUCTION

Defendant Michael Barrett ("Defendant") has been indicted with one count of Title 18 U.S.C. 922(g), Felon in Possession of a Firearm. Presently before this Court is Defendant's Motion to Apply Gonzales v. Raich and U.S. v. Nukida to 18 U.S.C. § 922(g). Defendant contends that in light of the two cases, the government is required to establish either that: (1) the governing statute is part of an economic regulatory scheme, or (2) the firearm recently moved interstate. The Defendant contends that if the government is unable to prove either of these bases for jurisdiction, the indictment must be dismissed. The Court held a hearing on the Motion on September 19, 2005. Based upon all papers filed to date and oral argument, the Defendant's Motion is DENIED.

### II. BACKGROUND

The indictment contains the following allegations. Michael Steven Barrett, having previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, described as a Sturm Ruger, Model GP 100, .357 magnum

resolver, bearing serial number 170-07765, and ammunition, described as Federal .357 magnum ammunition, in and affecting commerce, in violations of Title 18, United States Code, Section 922(g)(1). According to discovery provided by the government, the firearm was manufactured in New Hampshire, and the ammunition was manufactured in Minnesota. (Motion at 2.) Defendant's motion is brought pursuant to the Commerce Clause of the Constitution, the Due Process and Equal Protection Clauses of the Fifth Amendment, and the Sixth Amendment's requirement of trial by jury. Defendant contends that if the government is unable to prove either of these bases for jurisdiction, the indictment must be dismissed.

### III.  STANDARDS

A court should invalidate an act of Congress "only upon a plain showing that Congress has exceeded its constitutional bounds." United Staves v. Morrison, 529, U.S. 599, 120 S.Ct. 1740, 1748 (2000). This standard ensures "due respect for the decisions of a coordinate branch of Government." Id. Accordingly, courts apply a "presumption of constitutionality" when reviewing challenges to congressional enactments. Id.

### IV.  DISCUSSION

The question presented by Defendant's motion is whether the jurisdictional language of 18 U.S.C. § 922(g) should be interpreted consistently, logically, and fairly, in comparison to the Ninth Circuit's and Supreme Court's interpretation of the same jurisdictional basis in other similar statutes. Defendant contends that each of the statutes cited and analyzed in its motion involved the same Commerce Clause power that underlies section 922(g). Thus, the same common-sense limitations should applied to section 922(g) as have been applied elsewhere. Though these contentions are not couched in terms that challenge the constitutionality of section 922(g), it is clear to this Court that if it were to decide for the Defendant, it is essentially invalidating the jurisdictional requirements of section 922(g).

Defendant wants this Court to hold that since the higher courts have held that other criminal statutes arising out of the Commerce Clause require that the item be "recently" moved through the

2

1  interstate, 922(g) should be interpreted as requiring the same, otherwise, Defendant's right to Equal
2  Protection under the law would be violated.  However, contrary to Defendant's contention, since
3  Defendant has not alleged that he is a member of a protected class, or that his fundamental rights are
4  implicated, the government need only show a rational relationship not strict scrutiny.  Under rational
5  basis, the government does not have to show more than a rational relationship between interstate
6  commerce and felons possessing guns.

7  Defendant concedes that the Ninth Circuit has never required a showing of recency under
8  section 922(g).  Yet, Defendant contends that the jurisdictional requirement of 922(g) should be
9  interpreted the same as other criminal statutes.  The phases, "in commerce" and "affecting
10 commerce" have been interpreted by the Ninth Circuit and the United States Supreme Court with
11 respect to other criminal statutes arising out of the Congress power under the Commerce Clause.
12 Defendant argues that the "in commerce" phase should be read as requiring that the item was at least
13 recently in the flow of commerce.  With respect to the "affecting commerce", Defendant contends
14 that in light of the Gonzales v. Raich ruling by the Supreme Court, the government must now prove
15 that section 922(g) has an economic regulatory scheme.  That is, the regulatory scheme must "bears
16 a substantial relation to commerce."  While the Court believes that Defendant arguments are not
17 insignificant, the Court cannot ignore that the higher court interpretations involve other criminal
18 statutes and not 922(g).

19 The Supreme Court has not overruled its findings that the commerce element in § 1202(a),
20 which is one of the predecessors of § 922(g), only required the prosecution to prove that the firearm
21 had been in interstate commerce at some previous time.  Scarborough v. United States, 431 U.S.
22 563, 575 (1977).  Since the Ninth Circuit has extended Scarborough's "minimum nexus" approach
23 to section 922(g), the prosecution need only show that the firearm possess "a past connection with
24 commerce" in order to satisfy the jurisdictional requirement of § 922(g).  United States v.
25 Sherbondy, 865 F.2d 996, 1000-1 (9th Cir. 1998).  Therefore, an adequate connection exists when an
26 individual possesses in California a gun manufactured in another state.
27

Nukida is distinguishable from this case not only because it addresses a violation under the Sherman Act, but the Ninth Circuit determined that the "affecting interstate commerce" issue constitutes a material element of the offense prohibited by 18 U.S.C. § 1365(a).  In contrast, it seems that the material element of the offense prohibited by 922(g) is that the person in possession of a firearm that at one time was transported through interstate commerce is a felon.  As it appeared to Judge White in United States vs. Mario Villegas Robles, CR-04-20027-RM, the classification of offenders in both sections 922(g) and 922(k) does not appear arbitrary in light of congressional intent therefore, does not offend Defendant's Fifth Amendment rights.

### V.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Apply Gonzales v. Raich and U.S. v. Nukida to 18 U.S.C. § 922(g).

Dated: October 6, 2005

/s/ James Ware
JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Matthew Harris
Matt.Harris@usdoj.gov

Lara S. Vinnard
lara_vinnard@fd.org

**Dated: October 6, 2005**                                  Richard W. Wieking, Clerk

                                                            By:  /s/ JW Chambers
                                                                 **Ronald L. Davis**
                                                                 **Courtroom Deputy**